**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE GATLIN | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | COMPLAINT FOR VIOLATION |
| | ) | OF CIVIL RIGHTS AND STATE |
| P.O. T, GEMSKIE Star No. 11527, | ) | SUPPLEMENTAL CLAIMS |
| P.O. I, MATHEWS, Star No. 17879, | ) | |
| Individually, and THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

## COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### PARTIES

3. At all times herein mentioned, Plaintiff GEORGE GATLIN ("Plaintiff") was and now is a citizen of the United States, and resides within the jurisdiction of this Court.

4. At all times herein mentioned, Defendant Chicago Police Officer T. GEMSKIE Star No. 11527 and Defendant Chicago Police Officer I. MATHEWS Star No. 17879 ("Defendants") were employed by the Chicago Police Department and were acting under color of state law and as the employees, agents, or representatives of the Chicago Police Department. These Defendants are being sued in their individual/personal capacity.

5. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

6. On or about October 2, 2006, Plaintiff was at 1805 S. Normal Avenue, Chicago, Illinois.

7. At that place and date Defendants arrived at Plaintiff's location.

8. Plaintiff was then handcuffed, arrested and transported to the police station. There was no probable or legal cause for the arrest.

9. Plaintiff was then charged and then prosecuted for the crime of burglary. There was no legal cause to believe that Plaintiff should be charged with any crime.

10. All criminal charges against the Plaintiff were dismissed on or about November 8, 2007. The charges were terminated in Plaintiff's favor.

11. Plaintiff did not consent to any of the acts above described.

12. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering all to his damage in an amount to be ascertained.

13. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

14. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I

### PLAINTIFF AGAINTST INDIVIDUAL DEFENDANTS FOR THE CIVIL RIGHTS CLAIM OF FALSE ARREST

15. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through fourteen (14) as though fully alleged at this place.

16. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

17. Defendants caused the arrest of Plaintiff unreasonably and without probable or any legal cause to believe that Plaintiff had committed any crime. Therefore, Defendants and each of them are liable for false arrest under 42 U.S.C. § 1983.

## COUNT II

### PLAINTIFF AGAINST ALL DEFENDANTS FOR THE SUPPLEMENTAL STATE CLAIM OF MALICIOUS PROSECUTION

18. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through fourteen (14) as though fully alleged at this place.

19. Defendants, and each of them, caused a criminal prosecution to commence against the plaintiff.

20. Defendants, police officers employed by the City of Chicago, maliciously commenced and caused to be continued a criminal action against the plaintiff without probable or any legal cause for the institution and continuation of these proceedings. As a result, plaintiff was injured emotionally and otherwise from the loss of certain constitutionally protected liberty and related rights.

21. Defendants facilitated this malicious prosecution by the creation of false evidence and by giving false police reports.

22. The criminal proceedings were terminated in the plaintiffs' favor.

23. The City of Chicago is liable as a result of *respondeat superior.*

24. Therefore, Defendants, and each of them, are liable under the state supplemental claims of Malicious Prosecution.

WHEREFORE, Plaintiff, GEORGE GATLIN, by and through his attorneys, Ed Fox & Associates, request judgment as follows against Defendants, and each of them on all claims:

1. That Defendants be required to pay the Plaintiff, general damages, including emotional distress, in a sum to be ascertained;

2. That Defendants be required to pay the Plaintiff special damages in a sum to be ascertained;

3. That Defendants, except the City of Chicago, be required to pay Plaintiffs attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision (except not on Count II);

4. That Individual Defendants be required to pay Plaintiff's punitive and exemplary damages in a sum to be ascertained;

5. That Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

      6.      That Plaintiff has such other and further relief as this Court may deem just and proper.

Dated: September 8, 2008             /s/    Leslie C. McCoy
                                                                                    Leslie C. McCoy

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

                                                        /s/    Leslie C. McCoy
                                                                     Leslie C. McCoy

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877